## Mammoth Life and Accident Insurance Company *v.* Kelly.

[No. 14,950.   Filed May 10, 1935.]

*John Browder,* for appellant.

*Henry Spaulding,* and *Arthur T. Mayfield,* for appellees.

DUDINE, P. J.—This was an action instituted by appellee against appellant, a corporation, to recover on two "industrial" insurance policies issued by appellant corporation on the life of Charles Highbaugh, appellee's stepson, in which policies appellee was named as the beneficiary.

The complaint was in two paragraphs.  It was not challenged by demurrer, and it will serve no good purpose to discuss the complaint more than to say that the first paragraph was based on a policy providing a benefit of $250.00, and the second paragraph was based on a policy providing a benefit of $109.00, and that each paragraph alleged the death of the insured while the respective policies were in force.

The issues were closed by a general denial and the cause was submitted for trial by jury.

At the close of appellee's evidence, appellant moved the court to instruct the jury to return a verdict for appellant, and appellee joined in the request for a directed verdict by filing a motion for a directed verdict for appellee. The court overruled appellant's said motion and sustained appellee's motion for a directed verdict, and instructed the jury to return a verdict for appellee in the sum of $359.00, which the jury did.

Judgment was rendered on the verdict. Appellant filed a motion for new trial, which was overruled, and thereupon this appeal was perfected, the sole error duly assigned, and not specifically waived, being error in overruling said motion for new trial.

The motion for new trial contains, among other specifications, the specification that the verdict of the jury is not sustained by sufficient evidence. Under the heading "Points, Propositions and Authorities" in appellant's brief, that specification is discussed, as a separate proposition, but it is not shown, in support of that proposition, wherein the evidence is insufficient. We therefore hold that the question of the sufficiency of the evidence to sustain the verdict is not presented.

None of the other questions sought to be presented by appellant's brief, are duly presented.

No reversible error being shown the judgment is affirmed.